1  Kevin T. Simon (SBN. 180967)
   SIMON RESNIK, LLP
2  15233 Ventura Blvd., Suite 300
   Sherman Oaks, CA 91403
3  Phone: (818) 783-6251
   Fax: (818) 783-6253
4  kevin@simonresniklaw.com

5  Attorney for Debtors and Movants
   Danny Acosta and Ana Acosta
6

7

8

9              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
10

| In re: | CASE NO.: 2:10-bk-12071-VK |
|---|---|
| DANNY ACOSTA<br>ANA ACOSTA<br>    Debtors | CHAPTER 13<br><br>**MOTION TO EXTINGUISH JUNIOR LIEN OF GMAC MORTGAGE, LLC,** its successors and/or assigns, (Claim No.:1 Filed); **POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF DANNY ACOSTA AND TRACY GRIFFITH IN SUPPORT THEREOF;** |
| DANNY ACOSTA<br>ANA ACOSTA<br>    Movants<br>v.<br>GMAC MORTGAGE, LLC., its successors and/or assigns<br>    Respondents | CLAIM No.: 1<br><br>DATE: May 12, 2010<br>TIME: 2:30 PM<br>CTRM: 1675<br>   255 E. Temple St.<br>   Los Angeles, CA 90012 |

**TO THE HONORABLE JUDGE VICTORIA KAUFMAN, THE CHAPTER 13 TRUSTEE, AND RESPONDENT:**

I.

**FACTS**

The instant bankruptcy case, Case No. LA10-12071-VK, was filed on January 20, 2010 to save real property including Debtor's principal residence located at 29201 N. Las Terreno

1 | Lane Valencia, CA 91354 ("The Property").

2 |     The Property is worth no more than $525,000.00 based on a Uniform Residential Appraisal Report prepared by licensed appraiser, Tracy Griffith (See Exhibit "A"). Attached hereto and incorporated by reference is the declaration of Tracy Griffith, licensed appraiser, to that effect.

    The senior deed of trust, dated December 28, 2004 and recorded on January 10, 2005, was executed between debtor and lender, Argent Mortgage Company, LLC. for the amount of $620,000.00 plus interest. (Attached hereto and incorporated by reference is a true and correct copy of the senior Deed of Trust as Exhibit "B"). The senior deed of trust was assigned to AMERICAN HOME MORTGAGE SERVICING, INC. (hereinafter "AHMSI") on or about March 1, 2005. As of the filing date, debtor owed approximately $ 577,737.98 on the senior deed of trust. (Attached hereto and incorporated by reference is a true and correct copy of a recent billing statement from AHMSI as Exhibit "C").

    The junior Deed of Trust, dated June 14, 2005 and recorded on September 2, 2005, was executed between debtor and lender, GMAC MORTGAGE, LLC, (hereinafter "GMAC MORTGAGE, LLC") to secure a line of credit for $100,000. (Attached hereto and incorporated by reference is a true and correct copy of junior deed of trust as Exhibit "D"). According to the proof of claim filed by GMAC MORTGAGE, LLC debtor owed approximately $100,461.76 on the junior Deed of Trust at the time of filing. (Attached hereto and incorporated by reference is a true and correct copy of the proof of claim filed by GMAC MORTGAGE, LLC as Exhibit "E"). Debtor has not made any payments on the junior Deed of Trust since filing the instant case.

## II.

## ARGUMENT

A.    **A SECURED CLAIM IS SECURED ONLY TO THE EXTENT OF THE VALUE OF THE COLLATERAL, AND UNALLOWED SECURED CLAIMS ARE VOID.**

11 U.S.C. Section 506(a) states that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to a setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. Section 506(d) states that:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is **void**. (emphasis added)
> ...

**B.  THE DEBTOR MAY REQUEST AND THE COURT MAY ENTER AN ORDER THAT VALUES COLLATERAL WHICH IS PROPERTY OF THE BANKRUPTCY ESTATE AND WHICH SECURES A CLAIM OF A CREDITOR AGAINST THE DEBTOR.**

Bankruptcy Rule 3012 states that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party and after a noticed hearing.

**C.  THE SECOND LIEN SHOULD BE EXTINGUISHED AND RECONVEYED SINCE THE PROPERTY IS WORTH $525,000.00 OR LESS, AND THE FIRST DEED OF TRUST IS $577,737.98; THUS THE LIEN IS AVOIDABLE AND SHOULD BE REMOVED.**

The prevailing case law in our jurisdiction holds that Chapter 13 debtors are entitled to "strip off" totally unsecured junior mortgages on a principal residence where the claims of the junior lienholders are unsecured given that the value of the principal residence is less than the balance owed on the first mortgage. In re Lam, 211 B.R. 36 (9th Cir. B.A.P. 1997). In Lam, the court held a Debtor's completely unsecured junior mortgage could be stripped off his principal residence, holding that:

> The Nobleman decision holding that section 1322(b)(2) bars a chapter 13 plan from modifying the rights of holders of claims, secured only by the debtor's principal residence, does not apply to holders of totally unsecured claims. The extension of the protections of section 1322(b) to wholly unsecured lien holders is contrary to the provisions of the bankruptcy code allowing dischargeability of unsecured claims.

In re Lam followed the earlier decision of In re Geyer, 203 B.R. 726 (S.D. Cal 1996). In Geyer, the court sustained the Debtor's motion to avoid a lien brought under Bankruptcy Code Section 506(d),

1 and held that a Chapter 13 debtor may strip off a lien on his or her primary residence when the
2 lienholder's interest is totally unsecured, stating that:

> ... the term 'secured claim' as used in section 1322(b)(2) has the same meaning as the term "secured claim" in section 506(a). Unless there is some equity to which the creditor's lien attaches, there is no allowed secured claim and no entitlement to the protections against modification contained in section 1322(b)(2). A chapter 13 debtor may 'strip-off' a lien on his or her primary residence under the plan or under section 506(d) when the lienholder's interest is totally unsecured.

In re Geyer, 203 B.R. 726, 729 (S.D. Cal. 1996).

Indeed, The Ninth Circuit allows this when there is no equity to which the lien of the junior mortgage will attach. In re Zimmer, 313 F.3d 1220 (C.A.9 (Cal.), 2002). Thus if there is no equity to which a junior lien attaches, that debt becomes an unsecured claim and can be removed as a lien on the property on entry of the chapter 13 discharge. It need not be paid the same percent as other unsecured creditors.

Courts throughout the country agree that the decision of the United States Supreme Court in Nobleman v. American Savings Bank, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed 228 (June 1, 1993) which prohibits a creditor's claim on residential real estate from being bifurcated into secured and unsecured portions and the creditor's rights under the unsecured portions from being modified does not prohibit a Chapter 13 Debtor from stripping off a totally unsecured mortgage on a principal residence. In re Lam, supra; In re Geyer, 203 B.R. 726; Woodhouse v. Woodhouse, 172 B.R. 1 (D. Rhode Island, 1984); In re Sette, 164 B.R. 453, 456(Bankr. E.D.N.Y. 1994); In re Williams, 161 B.R. 27 (Bankr. E.D.Ky. 1993); In re Moncrief, 163 B.R. 492 (Bankr. E.D.Ky. 1993) In re Hornes, 160 B.R. 709 (Bankr. D. Conn. 1993); In re Plouffe, 157 B.R. 198 (Bankr. D. Conn. 1993) (a literal reading of Section 1322(b)(2) does exclude a mortgagee whose secured interest is zero).

In the case at bar, the Property to be retained in the Chapter 13 Plan is Debtor's principal residence. The value of the Property is $525,000.00 or less, yet the value of the First Deed of Trust is approximately $577,737.98. Thus, the secured interest of the Second Deed of Trust is zero since there is absolutely no equity to which the Second Deed of Trust can attach. Therefore, the Second Deed of Trust, like that found *In Re Lam* should be extinguished, treated as unsecured for purposes of the instant Chapter 13 proceeding and discharged upon the completion of the plan terms.

### D. IN RE DEWSNUP IS DISTINGUISHED FROM LIEN STRIPPING IN THE INSTANT CASE

The Chapter 7 case of Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) has no application to this Chapter 13 case. The relevant cases are the Chapter 13 cases which Movant/Debtor cites above which turn on the many courts' interpretations of Section 1322(b)(2) of the Bankruptcy Code to mean that under Section 1322(b)(2) a Chapter 13 plan may modify the rights of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, and that this section, in light of Section 506(a), does not preclude modification by a Chapter 13 plan of the rights of holders of unsecured claims; to wit, junior mortgages which are completely unsecured.

To this end, Justice Scalia, in his dissent in Dewsnup, points out the difference between lien stripping in that Chapter 7 case and lien stripping in a Chapter 13 case when he states that,

> Respondents assume, for example, that a debtor in a chapter 13 cannot strip down a mortgage placed on the debtor's home,; but that assumption may beg the very question the Court answers today. True, Section 1322(b)(2) provides that Chapter 13 filers may not "modify the rights of secured claims", that are "secured only by a security interest in real property that is the debtor's principal residence. But this can be and has been read, in light of Section 506(a), to prohibit modification of the mortgagee's rights only with respect to the operation of his claim that is deemed secured under the Code. see, e.g., In re Hart 923 F.2d 1410, 1415 (CA 10 1991); Wilson v. Commonwealth Mortgage Corp., 895 F.2d 123, 127 (CA3 1990).

Dewsnup, 502 U.S. 410, 428, 112 S.Ct. 773, 784.

In Dever v. Internal Revenue Service, 164 B.R. 132 (C.D. Cal. 1994), Judge Fenning held that in spite of Dewsnup, stripping an IRS lien on a principal residence is permissible in a Chapter 11 case. The Court noted that while under Dewsnup, Chapter 7 debtors cannot use Section 506 to strip down liens on an undersecured claim, the Supreme Court specifically reserved the question as to the applicability of its ruling in Dewsnup to cases under the reorganization chapters. 164 B.R. 132, 133. In Dever, the Court discussed the issue of lien stripping in Chapter 13 cases and cited the 10th Circuit case of In re Hart wherein the Court reasoned:

> The dispositive issue in this case is whether Eastland's undersecured loan may be bifurcated into two claims by applying general principles of Section 506(a) to the mortgage and then protecting only the secured claim by provision of Section 1322(b). We believe it can. 923 F.2d 1410, 1413 (10th Cir. 1991).

After citing <u>In re Hart</u>, in <u>Dever</u> the Court went on to state that:

> If Section 506 does not permit debtors to bifurcate undersecured claims and strip down liens to their collateral value, then all secured creditors would be freed of any concern that debtors could reduce the amount of their liens while retaining property. If Congress did not intend to allow lien stripping in general in Chapter 13 cases, then why would it bother to draft the exclusionary language of Section 1322. As Justice Stevens' concurring opinion in <u>Nobleman</u> emphasizes, the legislative history of Section 1322(b)(2) reflects Congressional desire to provide special protections to residential lenders. (citations omitted) The threat must be lien stripping, because no other threat is evident.

<u>Dever v. Internal Revenue Service</u>, 164 B.R. at 141.

## III.

## CONCLUSION

Clearly the junior lien of GMAC MORTGAGE, LLC is wholly unsecured as evidenced by the appraisal and points and authorities. Based on the foregoing, the Debtor respectfully requests that the junior lien be ordered extinguished, and deemed an unsecured claim and to have no further force or effect as a secured lien against the Debtors residential property, or in the alternative, to deem the junior lien as a unsecured claim during the life of the debtor's chapter 13 plan, that upon the completion of all plan payments and entry of discharge in this case pursuant to 11 U.S.C. §1328, the junior lien of GMAC MORTGAGE, LLC will be void and will not constitute an encumbrance on the real property described in the motion, that upon completion of all plan payments and upon entry of discharge in this case, GMAC MORTGAGE, LLC is ordered to expeditiously reconvey the Deed of Trust and otherwise take such steps as are required to clear title, free of said lien, as to real property described in this motion. The lien shall remain valid if the case is dismissed or converted to another chapter.

Dated: April 9, 2010    By: _____
Kevin T. Simon
Attorney for the Debtors
DANNY ACOSTA AND ANA ACOSTA

# DECLARATION OF DANNY ACOSTA IN SUPPORT OF
# MOTION TO EXTINGUISH JUNIOR LIEN OF GMAC MORTGAGE, LLC.

1. I, DANNY ACOSTA, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

2. I am the Debtor in the instant bankruptcy proceeding, case number 2:10-bk-12071-VK

3. I filed bankruptcy to save my principal residence located at 29201 N. Las Terreno Lane Valencia, CA 91354 ("The Property").

4. Based on my personal knowledge and experience, I believe that the property is worth no more than $ 525,000.00. (See Exhibit "A").

5. I have a Senior deed of Trust with AHMSI. At the time of filing, I owed about $577,737.98 on the loan secured by the senior Deed of Trust. (Attached hereto and incorporated herein is a true and correct copy of a recent billing statement from AHMSI as Exhibit "C", and the Deed of Trust as Exhibit "B").

6. I have a junior Deed of Trust with GMAC MORTGAGE, LLC. At the time of filing, I owed about $100,461.76 on the line of credit secured by the junior Deed of Trust. (Attached hereto and incorporated by reference is a true and correct copy of the proof of claim filed by GMAC MORTGAGE, LLC as Exhibit "E").

7. I have not made any payments on the second deed of trust since filing this case.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on April 9, 2010 at Sherman Oaks, California.

_____
DANNY ACOSTA

# DECLARATION OF TRACY GRIFFITH IN SUPPORT OF
# MOTION TO EXTINGUISH JUNIOR LIEN OF GMAC MORTGAGE, LLC.

1. I, Tracy Griffith, a licensed appraiser, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

2. I am making this declaration in support of the Motion to Extinguish Junior Lien of GMAC MORTGAGE, LLC.

3. On or about January 19, 2010, I appraised real property located at 29201 N. Las Terreno Lane Valencia, CA 91354 (hereinafter the "Property").

4. Pursuant to my appraisal, the value of the Subject Property on or about January 19, 2010 was valued at $525,000.00. Attached hereto and incorporated herein as Exhibit "A" is a true and correct copy of my appraisal of the Subject Property.

I declare under penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed on April 9, 2010, at Sherman Oaks California.

_____
Tracy Griffith

| In re:<br>DANNY ACOSTA<br>ANA ACOSTA<br>Debtor(s). | CHAPTER: 13<br>CASE NUMBER: 2:10-bk012071-VK |
|---|---|

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Simon & Resnik, LLP
15233 Ventura Blvd., Suite 300
Sherman Oaks, CA 91403

The foregoing document described **MOTION TO EXTINGUISH JUNIOR LIEN OF GMAC MORTGAGE, LLC its successors and/or assigns, (Claim No.:1 Filed); POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF DANNY ACOSTA AND TRACY GRIFFITH IN SUPPORT THEREOF;** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 9, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Kevin T. Simon, Simon & Resnik LLP (Attorney for Debtor): Kevin@ktsimonlaw.com
Nancy K. Curry, Chapter 13 Trustee: ecfnc@trustee13.com
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On April 9, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
The Honorable Victoria S. Kaufman
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 9, 2010 | Maria Escobar | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

**Debtor:**
Danny Acosta and Ana Acosta
29201 N. Las Terreno Lane
Valencia, CA 91354

**Debtor's Counsel:**
Kevin T. Simon (SBN. 180967)
SIMON RESNIK, LLP
15233 Ventura Blvd., Suite 300
Sherman Oaks, CA 91403

**Chapter 13 Trustee:**
Nancy Curry
606 S. Olive St., Suite 950
Los Angeles, CA 90014

**GMAC Mortgage, LLC. (Address from Proof of Claim)**
Attn: Bankruptcy Department
1100 Virginia Drive
Ft. Washington, PA 19034

**GMAC Mortgage, LLC. (Address from Proof of Claim)**
Attn: Payment Processing
3451 Hammond Avenue
Waterloo, IA 50702

**GMAC Mortgage, LLC. (Address from Proof of Claim)**
Angela M. Fontanini, Esq.
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
PO Box 17933
San Diego, CA 92177-0933

**GMAC Mortgage, LLC.- Agent for Service of Process**
Corporation Service Company which will do business in California as
CSC-Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

**Request for Special Notice:**

**American Home Mortgage Servicing, Inc. (Address from Request for Service of Notice)**
1525 S. Beltline Road,m Suite 100N
Coppell, Texas 75019

**Patti H. Bass, Esq. (Address from Request for Service of Notice)**
HSBC Bank Nevada, NA
3936 E. Ft. Lowell Road, Suite 200
Tucson, AZ 85712